## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-21599-CIV-MIDDLEBROOKS/WHITE
### (08-21104-CR-MIDDLEBROOKS)

VASHAUN ISSAC YOUNG,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE FOLLOWING EVIDENTIARY HEARING (DE 16)

THIS CAUSE comes before the Court upon Vashaun Issac Young's ("Young" or "Movant") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") (DE 1), filed on May 17, 2010. I have reviewed the record and am advised in the premises.

On May 27, 2009, Movant pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Cr-DE 383, 384, 385, 387). On July 21, 2009, Movant was sentenced to a term of imprisonment of 135 months, to be followed by 5 years of supervised release, and ordered to pay a special assessment of $100. (Cr-DE 489). Movant's sentence was based in part on a two-level firearm enhancement imposed pursuant to U.S.S.G. § 2D1.1(b)(1). The firearm enhancement was supported by Movant's own knowing and voluntary stipulation, which reads as follows:

> Beginning in or about May 2007, and continuing through in or about September 2008, Vashaun Young, aka 'Trick,' was supplying the Garden Apartments, 13450 Aswan Road, Opalocka, Florida (hereinafter Gardens), which is in the Southern District of Florida, with narcotics to include powder and crack cocaine and marijuana on a regular basis. At the Gardens, **Young employed workers to include**

'lieutenants,' or supervisors, 'bombmen,' or sellers, **'gunmen,' used for protection,** and 'lookouts,' to help warn other workers of police. Young came to Gardens almost daily to supply the lieutenants with drugs. During this time, Delvin Robinson, aka 'D,' [] Erick Hinds, aka 'E,' and Marcus Carroll, aka 'Soup,' aka 'Man,' Quinton McGhee, aka 'Q,' were the lieutenants working for Young. Vance Williams, Tauvaris Hall, Montecello Cooper, Jr. and Luther Boykin were working as a bombman [sic]. **Maurice Williams, Hollis K. Oliver, and Pernell Scott were also at the Gardens working as gunman [sic]**. There were two established shifts to include a 'day-shift' from 8:00 AM to 8:00 PM and the 'night-shift,' from 8:00 PM to 8:00 AM.

* * * * *

**Young had an apartment behind the wall of the Gardens. McGhee and Carroll would use it as a stash house for drugs and guns.**

* * * * *

**During this call, agents believe that Robinson and Young are discussing manpower and firearms issues due to recent law enforcement activity. Young advised Robinson to provide a minimal amount of narcotics to the distributors and asked about firearms (I said put them out there with something small . . . ). . . .** [T]his call shows that Young not only controlled the drugs at the Gardens but he also controlled the guns.

(Cr-DE 384) (emphasis added). Movant filed a *pro se* Notice of Appeal from the Court's sentence on July 27, 2009. (Cr-DE 518). The Eleventh Circuit dismissed Movant's appeal for want of prosecution. (Cr-DE 651).

Movant timely filed this § 2255 Motion on May 14, 2010. (DE 1). In the instant Motion, Movant seeks relief based on the following allegations of ineffective assistance of counsel:

1. Counsel failed to perfect his direct appeal; and
2. Counsel was ineffective at sentencing for failing to object to the two-level firearm enhancement described above and for failing to object to the sentencing court's ultimate decision.

(DE 1 at 4, 8, 10-11).

Magistrate Judge Patrick A. White has reviewed Mr. Young's Motion and supporting memorandum (DE 1), the Government's Response (DE 7), the Movant's reply thereto (DE 8), the Government's supplement to its Response (DE 13), the PSI, and all pertinent portions of the

2

underlying criminal record. (DE 16 at 1). In addition, Judge White has conducted an evidentiary hearing to ascertain whether in fact Mr. Young's counsel neglected to file a direct appeal after his client clearly expressed a desire that he do so. (DE 14). Based upon his review of the record, and the evidence adduced at the evidentiary hearing, Judge White has issued a Report and Recommendation ("R&R") (DE 16) advising that Movant's § 2255 Motion be denied. (*Id.* at 27). According to Judge White, Movant's allegation of ineffective assistance of counsel based on the failure of counsel to perfect a direct appeal is without merit because the testimony of all those involved—including a third-party investigator—indicates that Movant never requested that a direct appeal be filed, notwithstanding a full consultation regarding his appellate rights. (*Id.* at 10-15, 17). As to Movant's claims of ineffective assistance of counsel based on counsel's failure to challenge the firearm enhancement and ultimate sentencing decision, Judge White concludes that there was a preponderance of evidence, including Movant's own factual proffer, supporting the two-level enhancement and, accordingly, that any challenge to the Court's pronouncement of sentence would have been frivolous. (*Id.* at 22-26).

Having reviewed *de novo* Judge White's R&R (DE 16), the parties' briefs, and pertinent portions of the underlying criminal record, I agree that no habeas relief is warranted for the reasons stated by Judge White. The time to file objections to Judge White's R&R has long lapsed. Accordingly, no objections shall be considered.

It is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge White's R&R (DE 16) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Mr. Young's Motion under 28 U.S.C. § 2255 to

3

Vacate, Correct, or Set Aside Sentence (DE 1) is **DENIED**.  The Clerk of Court is instructed to

**CLOSE THIS CASE**.  All pending motions are **DENIED AS MOOT**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _23_ day of

May, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge White;
       Counsel of Record

4